IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES E. JONES,<br><br>            Petitioner,<br><br>vs.<br><br>STATE OF NE DHHS BMH LANCASTER COUNTY,<br><br>            Respondent. | 8:22CV342<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on preliminary review of Petitioner James E. Jones' ("Jones") Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, Filing No. 1, filed on September 23, 2022. Jones set forth in his petition that he was committed to the Norfolk Regional Center pursuant to a sex offender commitment order entered by the Lancaster County Board of Mental Health entered on May 17, 2019. *Id.* at 1–2.

Section 2241 authorizes federal district courts to issue a writ of habeas corpus to a state or federal prisoner who is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). Section 2254 confers jurisdiction on district courts to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It is a well-established rule of statutory construction that when two statutes cover the same situation, the more specific statute takes precedence over the more general one. *See Edmond v. United States*, 520 U.S. 651, 657 (1997). A number of circuit courts have held that Section 2254 and its provisions take precedence over Section 2241 because it is the more specific statute. *See Medberry v. Crosby*, 351 F.3d

1049, 1060 (11th Cir. 2003); *Cook v. New York State Div. of Parole*, 321 F.3d 274, 279, n.4 (2nd Cir. 2003); *Coady v. Vaughn*, 251 F.3d 480, 484–85 (3rd Cir. 2001).

Here, it is apparent that Jones is challenging the state-court judgment entered by the Lancaster County Board of Mental Health committing him to the Norforlk Regional Center. The appropriate vehicle for doing so is through a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. *See Linehan v. Piper*, No. 17-CV-4355 (SRN/HB), 2017 WL 11477989, at *1 (D. Minn. Oct. 17, 2017), *report and recommendation adopted*, No. 017CV04355SRNHB, 2017 WL 5198178 (D. Minn. Nov. 9, 2017) (concluding petition filed pursuant to § 2241 by petitioner civilly committed as sexually dangerous offender was properly subject to procedural and substantive limitations set forth in § 2254); *Lavold v. Almazar*, No. 04 C 4301, 2005 WL 3095515, at *4 (N.D. Ill. Nov. 16, 2005) ("Section 2254 is the proper remedy for [petitioner] to challenge his commitment because he is in state custody confined in a state mental institution as a result of a judicial order.").

This order serves as notice to Jones that the Court intends to construe his petition for writ of habeas corpus as one brought pursuant to 28 U.S.C. § 2254. In the alternative, Jones may move to voluntarily withdraw his habeas corpus petition within 30 days. *See Castro v. United States*, 540 U.S. 375, 382–83 (2003) (requiring notice, warning, and opportunity to amend or withdraw before recharacterization of pro se litigant's motion as initial § 2255 motion; when these requirements unsatisfied, recharacterized motion not considered § 2255 motion rendering later motion successive); *see also Martin v. Overton*, 391 F.3d 710, 713 (6th Cir. 2004) (applying *Castro* to § 2254 petition). Should Jones decide to allow this action to proceed as one brought pursuant to Section 2254, he should be aware of his obligation to raise all of his habeas corpus claims in this action. This is

because there is a statutory prohibition against successive petitions codified in 28 U.S.C. § 2244.

IT IS THEREFORE ORDERED that:

1. Jones must voluntarily withdraw his habeas corpus petition within 30 days if he does not want this action to proceed as one brought pursuant to 28 U.S.C. § 2254. If Jones fails to respond to this order, the Court will construe Jones' petition as one filed pursuant to 28 U.S.C. § 2254 and will conduct further review of his petition.

2. To the extent Jones would like to raise any additional claims in this action, he must do so by filing an amended petition for writ of habeas corpus. Jones must set forth all of his claims in an amended petition for writ of habeas corpus, even those identified in his original petition. To this end, the Clerk of the Court is directed to send to Jones the Form AO 241 (Petition for Relief From a Conviction or Sentence By a Person in State Custody). Any amended petition must be filed by Jones within 30 days.

3. To avoid confusion, any document Jones sends to the Clerk of the Court for filing in this case must clearly display the case number (8:22CV342).

4. The Clerk of the Court is directed to set the following pro se case management deadline: **May 22, 2023**: check for request to withdraw; otherwise, direct Clerk to update records to reflect case as a 2254 action.

Dated this 21st day of April, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge

3