IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES E. JONES, | |
| Petitioner, | 8:22CV342 |
| vs. | |
| STATE OF NE DHHS BMH LANCASTER COUNTY, | MEMORANDUM AND ORDER |
| Respondent. | |

Petitioner James E. Jones ("Jones") filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, Filing No. 1, on September 23, 2022. On April 21, 2023, the Court conducted a preliminary review of Jones' petition and gave Jones notice that the Court intended to construe his petition as one brought pursuant to 28 U.S.C. § 2254. Filing No. 6. The Court also gave Jones 30 days to withdraw or amend his petition. Filing No. 6. On May 15, 2023, Jones filed a Motion to Dismiss, Filing No. 7, and two Motions for Disposition of Seized Property, Filing No. 8; Filing No. 9, using Nebraska state court forms, as well as an Amended Petition for Writ of Habeas Corpus, Filing No. 10. For the following reasons, the Court finds Jones' Amended Petition is deficient and will grant his Motion to Dismiss and deny his other pending motions as moot.

I. AMENDED PETITION

A habeas corpus petition must "substantially follow either the form appended to [the *Rules Governing Section 2254 Cases in the United States District Courts*], or a form prescribed by a local district-court rule." *See* Rule 2 of the *Rules Governing Section 2254 Cases in the United States District Courts*. Here, Jones utilized the Form AO241 Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus for his Amended

Petition. However, the Amended Petition does not clearly indicate the judgment challenged or the grounds upon which Jones seeks habeas relief.

Jones alleges he is challenging a judgment of the Lancaster County, Nebraska Board of Mental Health, Filing No. 10 at 1, but he does not provide any information to clearly identify the judgment he is challenging. Rather, he lists the case number of the present case, 8:22CV342, as the case number of the judgment he is challenging and of a purported postconviction appeal. *Id.* at 1, 8. Jones also does not list any grounds on which he claims he is being held in violation of the Constitution, laws, or treaties of the United States. See *Id.* at 5–10. Instead, he merely alleges some facts that appear to relate to alleged criminal conduct that may have served as the impetus for his present mental health commitment. See *Id.* at 1, 7–8.

Based on the foregoing deficiencies, the Court finds Jones' Amended Petition is deficient. Moreover, as discussed below, Jones' Amended Petition appears to be barred by the one-year statute of limitations.

A district court may consider, sua sponte, the timeliness of a habeas corpus petition. See *Day v. McDonough*, 547 U.S. 198, 209 (2006). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), PL 104–132, April 24, 1996, 110 Stat. 1214, establishes a one-year limitations period for state prisoners to file for federal habeas relief that runs from the latest of four specified dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). However, the statute of limitations period is tolled while a state post-conviction or other collateral review is pending. *King v. Hobbs*, 666 F.3d 1132, 1135 (8th Cir. 2012) (citing 28 U.S.C. § 2244(d)(2)).

Here, Jones alleges May 17, 2019 as the date of his "sentencing," Filing No. 10 at 1, and he further alleges that he did not file any appeal or post-conviction proceeding after that date, *Id.* at 2, 6. Jones filed his habeas petition on September 23, 2022, more than three years after the conclusion of his state proceedings. Thus, it appears Jones' petition is likely time-barred.

## II. MOTION FOR DISMISSAL

With his Amended Petition, Jones also filed a Motion to Dismiss this matter, utilizing a Nebraska state court form for such motions. Filing No. 7. The Court construes Jones' motion as a motion to dismiss pursuant to Federal Rule of Civil Procedure 41.[1] Rule 41(a) states that a plaintiff, or in this case a petitioner, may dismiss an action without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). In addition, Rule 41(a)(2) provides that an action may be dismissed at the plaintiff's request "on terms that the court considers proper." Fed. R.

---

[1] The Federal Rules of Civil Procedure apply to habeas corpus proceedings "to the extent that the practice in those proceedings: (A) is not specified in a federal statute, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Cases; and (B) has previously conformed to the practice in civil actions." Fed. R. Civ. P. 81(a)(4).

3

Civ. P. 41(a)(2). Given the deficiencies in Jones' Amended Petition and Jones' motion for voluntary dismissal, the Court concludes that dismissal of this matter without prejudice is appropriate.

IT IS THEREFORE ORDERED that:

1. Petitioner James E. Jones' Motion to Dismiss, Filing No. 7, is granted. This matter is dismissed without prejudice at Jones' request and because the Amended Petition is deficient. No certificate of appealability will be issued.

2. Jones' other pending motions, Filing No. 8; Filing No. 9, are denied as moot.

3. A separate judgment will be entered.

Dated this 9th day of August, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge

4